# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA MOORE, FRENCHOLA HOLDEN, and KEITH MCMILLON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>GMAC MORTGAGE, LLC, GMAC BANK and CAP RE OF VERMONT, INC.,<br><br>                    Defendants. | Civil Action No. 2:07-cv-04296-PD |

**DECLARATION OF ELLIOTT GRUMER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

<u>**REDACTED PURSUANT TO PARAGRAPH 16 OF THE COURT'S CONFIDENTIALITY ORDER DATED MARCH 28, 2008 (DOCKET NO. 48).**</u>

I, Elliott Grumer, hereby declare and state as follows:

1. I am employed by GMAC Mortgage, LLC ("GMAC Mortgage") and am a Sr. Vice President at GMAC Mortgage. I am also an officer of Cap Re of Vermont, LLC ("Cap Re"). I have previously executed two declarations in support of defendants' opposition to plaintiffs' prior motion for class certification. (Docket Nos. 86 and 116.) I submit this further declaration in support of defendants' motion for summary judgment and defendants' opposition to plaintiffs' most recent motion for class certification and to bring the loss information in my prior two declarations up to date. I have personal knowledge of the facts set forth herein, and, if called as a witness, would competently testify thereto.

2. Cap Re's paid losses under the reinsurance agreements have only continued to grow ████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████
   ██ ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

[redacted block]

4. I am the person at GMAC Mortgage who, as an officer of Cap Re, is responsible for Cap Re's reinsurance business. In their recent filings, plaintiffs have mischaracterized how Cap Re's reinsurance agreements have operated. While the terms of each of the seven

1

agreements are set forth in the written agreements, which vary somewhat, the following is a general overview of how the reinsurance arrangements have operated.

5. With regard to capitalization, plaintiffs repeatedly assert that Cap Re does not have any of its own capital at risk. In this vein, plaintiffs claim that the reinsurance "contracts operated as little more than deposit accounts" (Class Cert. Mem. at 5), that Cap Re was "playing the with the house's money" (*id.* at 18), and that "Cap Re [wa]s under no obligation to fund the trusts" (*id.* at 32). This is simply not how the reinsurance agreements have operated. ███████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████
▉ ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

███████████████████████████████████
███████████████████████████████
▉ ████████████████████████████████████
████████████████████████████████████████████
██████████████████
▉ ████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████.

2

3

████████████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████
████████████████████████████████
██████████████████████████████████████
████████████████████████
█ ██████████████████████████████████
████████████████████████████████████████
██████████████████████████████
██████████████████████████████████
██████████████████████████████████
████████████████████████

    10.    Another inaccuracy that permeates plaintiffs' filings is the assertion that Cap Re could "effectively opt out of the contracts at will." (Class Cert. Mem. at 10.) █

████████████████████████████████████
████████████████████████████████████
████████████████████████████████
████████████████████████████████
██████████████████████████████████████
██████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████

11. Moreover, termination by Run-Off does not result in an increased ability of Cap Re's to take dividends out of the applicable trust ███████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

█ ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

█ ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███

4

5

14. Plaintiffs imply that invocation of the trust cap is an economically desirable event for Cap Re. It is not. Once the trust cap is invoked, the entire trust balance is turned over to the mortgage insurer (including Cap Re's capital contributions to the trust). Thus, by definition, an agreement that hits the trust cap is an agreement on which Cap Re has lost money, including its own capital.

15. Additionally, it is important to note that while invocation of the trust cap does cap the reinsurance claims that Cap Re will ultimately have to pay, it impacts the revenue that Cap Re will receive as well. Upon invocation of the trust cap, and the resulting termination by Cut-Off, the mortgage insurer is released from the obligation to cede future insurance premiums to Cap Re, even with respect to loans that were already in the pool. Thus, while the trust cap serves as a potential limit of losses that will be paid, there is also a corresponding reduction in revenues that will be received.

[Paragraphs 16 and 17 redacted]

███ ████████████████████████████████████████████████████
██

19.  At the time of my depositions in this matter, no one at Cap Re had performed the calculations necessary to determine which agreements were likely to hit the trust cap; those calculations require a projection of both future reinsurance claims and future reinsurance revenues, including the timing of said cash flows. Defendants' Expert Professor Tim Riddiough has since performed those ████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████

20.  Finally, plaintiffs' claim that Cap Re is "effectively insulat[ed] . . . from liability" as a result of the fact that the agreements limit Cap Re's liability to the funds in the applicable trust is a red herring. (Class Cert. Mem. at 20.) The vast majority of Cap Re's assets are held in the trusts. As set forth above, Cap Re has infused tens of millions of dollars into the trusts. In contrast, Cap Re's only other asset, its core regulatory capital, is a mere ██████.

21.  Plaintiffs' proposed class period from January 1, 2004 to present (Class Cert. Mem. at 1) covers five book years for each of the seven primary mortgage insurers: 2004, 2005, 2006, 2007, and 2008. That is a total of 35 separate pools of loans ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

7

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

     I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of January 2011, in Fort Washington, Pennsylvania.

                                                 */s/ Elliott Grumer*
                                                 Elliott Grumer

2933407